## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

No.

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | **APPLICATION BY THE** |
| v. | ) | **SECURITIES AND EXCHANGE** |
| | ) | **COMMISSION TO REQUIRE** |
| ERIC D. JACOBS | ) | **ERIC D. JACOBS AND ACADIA** |
| | ) | **ASSET MANAGEMENT, LLC TO** |
| and | ) | **COMPLY WITH COMMISSION** |
| | ) | **ORDER** |
| ACADIA ASSET MANAGEMENT, LLC | ) | |
| | ) | |
| Defendants | ) | |

NOW COMES Plaintiff Securities and Exchange Commission (the "Commission"), by and through its counsel, Andrew M. Calamari, Regional Director, and John J. Graubard, Senior Trial Counsel, which respectfully applies to this Court for the entry of a judgment enforcing compliance by the Defendants Eric D. Jacobs ("Jacobs") and Acadia Asset Management, LLC ("Acadia") with a final Commission order entered against them on August 11, 2015 (the "Commission Order"), which, in part, required Jacobs and Acadia, jointly and severally, to pay disgorgement of $321,365, together with prejudgment interest of $32,750.79, and further requiring Jacobs to pay a civil money penalty of $300,000, and states as follows:

### INTRODUCTION

1.     The Commission seeks by this action to enforce the Commission Order, which found that Jacobs and Acadia willfully violated:

a.     Section 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a);

b.     Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5;

      c.      Sections 206(1) and 206(2) of the Investment Advisers Act of 1940

                  ("Advisers Act"), 15 U.S.C. §§ 80b-6(1) and 80b-6(2); and

      d.      Section 206(4), 15 U.S.C. § 80b-6(4), of the Advisers Act and Rule 206(4)-8

                  thereunder, 17 C.F.R. § 275.206(4)-8.

2.      Jacobs and Acadia have not complied with the Commission Order in that they have not paid the disgorgement and prejudgment interest, and, as to Jacobs, the civil money penalty, imposed on them by the Commission Order.

## PARTIES

3.      The Commission is an agency of the United States Government.  The Commission's principal office is located at 100 F Street, N.E., Washington, DC 20549.  The Commission's New York Regional Office is located at 200 Vesey Street (Brookfield Place), Room 400, New York, New York 10281-1022.

4.      Jacobs, age 46, is a resident of Phippsburg (Sagadahoc County), Maine.  Jacobs was the principal owner and managing member of Acadia, and prior to his involvement with Acadia he had been associated with other financial services entities.

5.      Acadia is a Delaware limited liability company with a principal place of business in New York, New York, and which transacted business in Phippsburg (Sagadahoc County), Maine.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction under Sections 20(c) and 22(a) of the Securities Act, 15 U.S.C. §§ 77t(c) and 77v(a), under Sections 21(e)(1) and 27(a) of the Exchange Act, 15 U.S.C. §§ 78u(e)(1) and 78aa(a), and Sections 209(d) and 214(a) of the Advisers Act, 15 U.S.C. §§ 80b-9(d) and 80b-14(a).

7.      Venue lies in the District of Maine under Section 22(a) of the Securities Act, 15 U.S.C. § 77v(a), Section 27(a) of the Exchange Act, 15 U.S.C. § 78aa(a), and Section 214(a) of the

Advisers Act, 15 U.S.C. § 80b-14(a), in that Jacobs and Acadia are "found" or are inhabitants of, or are residents of and transact business within the District of Maine.

## STATEMENT OF RELEVANT FACTS

8.       On August 11, 2015 the Commission, deeming it appropriate and in the public interest, instituted public administrative and cease-and-desist proceedings against Jacobs and Acadia pursuant to Section 8A of the Securities Act, 15 U.S.C. § 77h-1, Section 21C of the Exchange Act, 15 U.S.C. § 78u-3, Sections 203(e), 203(f), and 203(k) of the Advisers Act, 15 U.S.C. §§ 80b-3(e), (f), and (k), and Section 9(b) of the Investment Company Act of 1940 ("Investment Company Act"), 15 U.S.C. § 80a-9(b). *Acadia Asset Management, LLC and Eric D. Jacobs*, Securities Act Rel. No. 9886, Exchange Act Rel. No. 75665, Investment Adv. Act Rel. No. 4165, Investment Co. Act Rel. No. 31748, Admin. Proc. File No. 3-16738 (Aug. 11, 2015).  A copy of the Commission Order is attached as Exhibit 1.

9.       In anticipation of the institution of these proceedings, Jacobs and Acadia submitted Offers of Settlement, which the Commission determined to accept.  In their Offers of Settlement Jacobs and Acadia consented to the entry of the Commission Order, without admitting or denying the findings therein, except as to the Commission's jurisdiction over them and the subject matter of the proceedings, which were admitted.

10.      In the Commission Order the Commission found, in summary, that Jacobs, the principal owner and managing member of Acadia, and Acadia, from 2010 through 2013 breached their fiduciary duties as investment advisers to various hedge funds.  Specifically:

   a.       In 2010, Jacobs made redemptions in excess of his capital account balances;

   b.       During 2010 and 2011, Jacobs redeemed his own investment interest and that of his father from an illiquid fund managed by Jacobs and Acadia, in preference over other fund investors;

    c.    During 2010 through 2013, Jacobs caused one of the funds to pay Acadia fees in excess of fees legitimately due; and

    d.    During 2010 and 2011, Jacobs and Acadia misrepresented to investors the riskiness of an investment in a hedge fund managed by Jacobs and Acadia, leading to near total losses for those investors.

11.    The Commission Order found that as a result of this conduct Jacobs and Acadia:

    a.    Willfully violated Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), which prohibits fraudulent conduct in the offer or sale of securities;

    b.    Willfully violated Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5, which prohibit fraudulent conduct in connection with the purchase or sale of securities;

    c.    Willfully violated Sections 206(1) and 206(2) of the Advisers Act, 15 U.S.C. §§ 80b-6(1) and 80b-6(2), which make it unlawful for any investment adviser, directly or indirectly, to "employ any device, scheme, or artifice to defraud any client or prospective client" and to "engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client;" and

    d.    Willfully violated Section 206(4) of the Advisers Act, 15 U.S.C. § 80b-6(4), and Rule 206(4)-8 thereunder, 17 C.F.R. § 275.206(4)-8, which make it unlawful for any investment adviser to a pooled investment vehicle to "[m]ake any untrue statement of a material fact or omit to state a material fact necessary to make the statements made, in the light of the circumstances under which they were made, not misleading, to any investor or prospective investor in the pooled investment vehicle" or "engage in any act, practice, or

course of business that is fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in the pooled investment vehicle."

12.    The Commission Order directed that Jacobs and Acadia cease and desist from committing or causing any violations and any future violations of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5, and Sections 206(1), 206(2), and 206(4) of the Advisers Act, 15 U.S.C. §§ 80b-6(1), (2), and (4), and Rule 206(4)-8 thereunder, 17 C.F.R. § 275.206(4)-8; barred Jacobs from association with any broker, dealer, investment adviser, municipal securities dealer, municipal advisor, transfer agent, or nationally recognized statistical rating organization, and prohibited him from serving or acting as an employee, officer, director, member of an advisory board, investment adviser or depositor or, or principal underwriter for, a registered investment company or affiliated person of such investment adviser, depositor, or principal underwriter; and censured Acadia.

13.    The Commission Order required Jacobs and Acadia, within 14 days from its entry, to jointly and severally pay disgorgement, representing profits gained and/or losses avoided as a result of the conduct described in the Commission Order, of $321,365, and prejudgment interest of $32,750.79, and the Commission Order further provided that if not paid within that time additional interest would accrue pursuant to Rule 600 of the Commission's Rules of Practice, 17 C.F.R. § 201.600.  The Commission Order required Jacobs to pay a civil money penalty of $300,000 within 14 days from its entry, and it further provided that if not paid within that time interest would accrue pursuant to 31 U.S.C. § 3717.

14.    Jacobs and Acadia have not made any payment on the disgorgement and prejudgment interest as required by the Commission Order, and Jacobs has not made any payment on the civil money penalty, and the same, together with additional interest, remain due and owing.

15.     As of April 20, 2016, the amounts due pursuant to the Commission Order, are as follows:

    a.     From Jacobs and Acadia, jointly and severally, as to disgorgement and prejudgment interest:

        i.     Disgorgement.............................................................. $321,365.00

        ii.     Prejudgment interest under Rule 600 of the Commission's Rules of Practice to August 11, 2015 ....................... $32,750.79

        iii.     Prejudgment interest under Rule 600 of the Commission's Rules of Practice from August 11, 2015 .................... $5,649.60

        iv.   TOTAL..................................................................................... $359,765.39

    b.     From Jacobs as to the civil money penalty:

        i.     Civil money penalty.................................................... $300,000.00

        ii.   Interest pursuant to 31 U.S.C. § 3717 ....................................... $2,079.66

        iii.     TOTAL....................................................................... $302,079.66

## CLAIM FOR RELIEF

16.     Section 20(c) of the Securities Act, 15 U.S.C. § 77t(c), provides:

Upon application of the Commission, the district courts of the United States … shall have jurisdiction to issue writs of mandamus commanding any person to comply with the provisions of this title or any order of the Commission made in pursuance thereof.

17.     Section 21(e)(1) of the Exchange Act, 15 U.S.C. § 78u(e)(1), provides:

Upon application of the Commission the district courts of the United States … shall have jurisdiction to issue writs of mandamus, injunctions, and orders commanding (1) any person to comply with the provisions of this title, the rules, regulations, and orders thereunder….

18.     Section 209(d) of the Advisers Act, 15 U.S.C. § 80b-9(d), provides:

Whenever it shall appear to the Commission that any person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any…order hereunder,…it may…bring an action in the proper district court of the

United States…to enforce compliance with this title or any rule, regulation, or order hereunder….

19.     These provisions authorize the use of summary proceedings, rather than plenary civil actions, to enforce Commission orders in district courts.

20.     Jacobs and Acadia have not made any payment on the disgorgement and prejudgment interest as required by the Commission Order, and Jacobs has not made any payment on the civil money penalty, and the same, together with additional interest, remain due and owing.

21.     Proceedings under these provisions are summary in nature.  *SEC v. Vindman*, 2007 WL 1074941 at *1 (S.D.N.Y. April 5, 2007); *SEC v. McCarthy*, 322 F.3d 650, 659 (9th Cir. 2003).  In *McCarthy*, the Ninth Circuit held that "summary proceedings may be 'conducted without formal pleadings, on short notice, without summons and complaints, generally on affidavits, and sometimes even *ex parte*.'"

22.     In such proceedings Jacobs and Acadia may not challenge the validity of the order the Commission seeks to enforce in such proceedings.  *SEC v. Gerasimowicz*, 9 F. Supp.3d 378, 381 (S.D.N.Y. 2014); *SEC v. Pinchas*, 421 F. Supp.2d 781, 783 (S.D.N.Y. 2006).  "By the time a § 21(e)(1) application is filed by the Commission, the time and opportunity for adjudicating the merits of the claim have been exhausted; all that is left to do is enforce the order."  *McCarthy* at 658.

WHEREFORE, the Commission respectfully requests:

## I.

That the Court enter a judgment enforcing the Commission Order by requiring Jacobs and Acadia, jointly and severally, to pay disgorgement of $321,365 and prejudgment interest pursuant to Rule 600 of the Commission's Rules of Practice, 17 C.F.R. § 201.600, and postjudgment interest pursuant to 28 U.S.C. § 1961.

**II.**

That the Court enter a judgment enforcing the Commission Order by requiring Jacobs to pay a civil money penalty of $300,000 and interest thereon pursuant to 31 U.S.C. § 3717, and postjudgment interest pursuant to 28 U.S.C. § 1961.

**III.**

That the Court order such other relief as may be necessary for enforcement of any order of this Court as to disgorgement and prejudgment interest through civil contempt and/or other collection procedures authorized by law.

**IV.**

That the Court order such relief as may be necessary for enforcement of any order of this Court as to the civil monetary penalty pursuant to the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001 – 3308.

**V.**

That the Court retain jurisdiction as appropriate to assure and effect compliance with the orders entered herein.

**VII.**

That the Court order such other and further relief as may be just and proper.

Dated:          New York, New York
                April 21, 2016

                                        /s/ Andrew M. Calamari
                                        ANDREW M. CALAMARI,
                                              Regional Director
                                              E-mail: calamaria@sec.gov

                                        JOHN J. GRAUBARD,
                                              Senior Trial Counsel
                                              E-mail: graubardj@sec.gov

                                        Attorneys for Plaintiff,
                                        SECURITIES AND EXCHANGE COMMISSION
                                        New York Regional Office
                                        200 Vesey Street, Room 400
                                        New York, NY 10281-1022
                                        Tel.:          212-336-0084 (Graubard)
                                        Fax:           212-336-1323